PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a sign post as she was traveling on Route 25 near Nitro, Kanawha County. Route 25 is a road maintained by respondent. This claim was heard in part on April 8, 2004, at which time the claimant testified in her own behalf. The claim was rescheduled for hearing on May 5, 2005, at which time respondent presented its witness. Claimant was not present at that hearing although she had been duly notified by the Clerk of the Court. The Court thereupon submitted the claim for determination. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred sometime in the afternoon of April 9, 2002. Route 25 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that Loretta Hicks was driving claimant’s vehicle. Ms. Hicks was turning the vehicle around in an area on the side of the road when the vehicle ran over a piece of a steel sign post that was sticking out of the ground about four inches. Claimant stated that the post was for a sign that had been removed in some way. She also stated that the piece of metal was protruding from the dirt and not from the gravel or pavement. She also stated that the post was removed after the incident herein. Claimant’s vehicle sustained damage to the front right tire. The damage sustained totaled $47.38.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route at the site of the claimant’s accident for the date in question.
Richard Light, a foreman for the respondent in Kanawha County, testified that there had been no reports of a downed sign post made on or before the date of claimant’s incident. Mr. Light stated that he had never seen a post of any kind in that area. He testified that he was not aware that there had been a sign post in that area before the time of claimant’s incident. He reviewed photographs of the area and the post submitted by the claimant and he stated that the post in the photograph was not within the State’s right of way for Route 25.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road *2 defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the evidence established that the respondent did not have actual or constructive notice of the broken sign post off of Route 25 prior to the incident in question and that the post was not within the State’s right of way. Consequently, there is insufficient evidence of negligence upon which to justify an award and claimant may not make a recovery for her loss in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.